MOSES CALL *versus* JAMES LEISNER *& al.*

Where the mortgagee has assigned and conveyed all his interest in the mortgage and mortgaged premises, if he then brings a suit against the mortgagor, obtains judgment as upon the mortgage, and enters into possession of the premises under it, this is entirely nugatory as to the mortgagor and those claiming under him, and no foreclosure can take place by reason thereof.

THIS appears to have been a bill in equity, claiming the right to redeem a mortgage made by one Hatch to Borland, one of the defendants. The only papers in the case are the copies of the bill and answer. The fact is, among many other things, alleged in the bill, and admitted in the answer, that Borland conveyed and assigned the mortgage and the demand secured thereby to Johnson, and afterwards brought a suit against Hatch, obtained judgment against him on the mortgage, and entered into possession under his judgment; and that the defendants rely on this entry to show a foreclosure under the mortgage. Several other questions were raised in the arguments.

*Mitchell, Groton* and *French,* for the plaintiff.

*J. S. Abbott, R. Belcher* and *McCrate,* for the defendants.

PER CURIAM. — In this case it appears, that the defendant, Borland, the original mortgagee, on the 4th of April, 1837, sold and conveyed his interest in the mortgaged premises to one Johnson; and yet, in August of that year, he obtained a judgment against Hatch, the original mortgagor, for possession of the same as on mortgage. As it respected the mortgagor, or his assignee, the plaintiff, in reference to the right of redemption, this was a nugatory act. Neither Johnson, the grantee of Borland, nor the defendant, Leisner, who is the grantee of Johnson, so far as appears, has ever entered upon the premises for condition broken, or done any other act by way of foreclosing the right of redemption. There is, then, nothing to prevent the plaintiff from redeeming. But, whether the amount tendered by the plaintiff was sufficient to entitle him to redeem, must be ascertained by a master in chancery,

without reference to the judgment obtained by Borland against Hatch, who will ascertain the amount due on the mortgage, and the deductions to be made therefrom for the net rents and profits, irrespective of any erections on the premises, other than such as were necessary to keep the same in repair. Upon the coming in of the master's report, it will be apparent, whether the amount tendered was sufficient or not to entitle the plaintiff to a decree of redemption.

As to the defendant, Borland, he not being a necessary party to the suit, the bill may be dismissed; but as he claimed to have something to do with it, after he had parted with all interest in it, it is proper it should be without costs for him.